[Civ. No. 3138.    First Appellate District, Division Two.—December 27, 1919.]

## LOS ANGELES TRUST & SAVINGS BANK (a Corporation), Plaintiff and Respondent, v. PHILIP FORVE, Defendant and Appellant; CHARLES E. PACKMAN, Defendant and Respondent.

[1] PAYMENTS—APPLICATION OF—RIGHT OF STOCKHOLDERS OF DEBTOR CORPORATION TO DESIGNATE.—The stockholders of a bankrupt corporation have no right to designate how payments received from the bankruptcy court shall be applied toward the liquidation of several obligations due from the corporation to a given creditor.

[2] ID.—FAILURE OF DEBTOR AND CREDITOR TO DESIGNATE—DUTY OF COURT.—Where no application of such payments to particular obligations has been made by either the bankrupt corporation or the creditor, in an action based on stockholders' liability, it is the duty of the court, under section 1479 of the Civil Code, to apply them, first, to the interest due at the time such payments were received, and, second, to the extinguishment of the oldest debt.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Lewis R. Works, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Mott & Dillon, Dockweiler & Mott and G. C. O'Connell for Appellant.

O'Melveny, Millikin & Tuller, Stuart O'Melveny and Hewlings Mumper for Plaintiff and Respondent.

LANGDON, P. J.—This is an appeal by the defendant, Philip Forve, from a judgment for the plaintiff, and against him, in an action to recover from defendants their respective proportions of an indebtedness due plaintiff from Phœnix Lighting Fixture Company, in which company the defendants each held one-third of the capital stock at the time of the creation of the indebtedness sued upon.

The answer of the appellant denies that the indebtedness sued upon has not been paid, and alleges that each and every part of said indebtedness has been paid.    Appellant also sets up in his answer an alleged agreement between himself and

the other defendant and one W. G. Hutchinson, the owner of the remainder of the stock, whereby it was agreed that said Hutchinson would buy all the stock owned by said defendants and would pay the indebtedness of the company to the bank and would save said defendants harmless from all liability as stockholders of said corporation. This second defense does not concern us upon appeal, because the trial court found that the plaintiff bank had no knowledge of such an agreement and correctly held that it was not bound thereby.

Judgment was given against each of the defendants in the sum of $8,146.15 and costs, but the appeal is by the defendant Forve alone. The first point made by the appellant is that the evidence was insufficient to justify the court in finding that no part of the indebtedness sued upon had been paid, except for certain payments received from the bankruptcy court out of the assets of the Phoenix Company. The argument of the appellant upon this point is merely an argument upon the weight of the evidence. There is a conflict in the evidence upon this point, but the evidence abundantly supports the finding made. We may agree with the appellant's argument that certain inferences might have been made which would support a contrary finding, but this would not help him any. Upon the evidence in the record, we are powerless to disturb the finding of the trial court.

The second contention of the appellant makes necessary a discussion of somewhat complex facts. The Phoenix Company had borrowed from the plaintiff bank certain sums of money aggregating twenty-five thousand dollars, which loans were evidenced by promissory notes held by the bank, one in the sum of five thousand dollars, and two in the sum of ten thousand dollars each, dated respectively April 12, 1911, May 22, 1911, and September 1, 1911. The company had also borrowed from the plaintiff bank the further sum of five thousand dollars, for which it had also given its promissory note dated March 6, 1911. The indebtedness evidenced by this last-mentioned promissory note was not included in the amount for which this suit was brought. The indebtedness evidenced by these four notes was found by the court to have been renewed by the note of the company for thirty thousand dollars, given on April 24, 1912, at

which time the four notes before described were marked "paid" and returned to the company. It appears that the appellant was one of the indorsers on three of said notes returned to the company, but this fact is not material here, because he is sought to be held liable, not as an indorser, but under his liability as a stockholder. In the year 1914, the Phoenix Company went into bankruptcy and the plaintiff bank duly filed its claim against the estate of the bankrupt for $30,295, and to said claim was annexed the promissory note for thirty thousand dollars given by the company on April 24, 1912. Said note was introduced in evidence and shows that payments of interest from July 24, 1912, to January 26, 1914, were indorsed on said note as they were made by the company, and five different payments received from the bankruptcy court were also indorsed thereon. The application of these various credits of sums received from the bankrupt estate is the subject of attack by appellant. They amount in all to something over nine thousand four hundred dollars. They were applied by the court, first, to the interest due on the entire debt up to the time each payment was received, and then to the extinguishment of the oldest debt—the five thousand dollar debt of the company, evidenced by the note of March 6, 1911, which indebtedness was not included in this suit; then to the debt next in time of creation, which was evidenced by the note of April 12, 1911. It was for his respective share of the unpaid balance of the indebtedness evidenced by said note of April 12, 1911, and of the indebtedness evidenced by the two notes for ten thousand dollars each, dated May 22, 1911, and September 1, 1911, that judgment was given against the appellant. Stated briefly, appellant's contention is this: The debtor—the Phoenix Company—did not designate upon which indebtedness the payments should be applied. It then became the right of the creditor to elect how the payments should be applied, and the creditor elected to distribute such payments *pro rata* over the entire indebtedness by crediting the thirty thousand dollar note, which covered the entire indebtedness, with these payments. Taking this as a starting point, the appellant urges that the court had no right to change the application of these payments after they had been once applied by the creditor. This position, if correct, would result

to the advantage of the appellant, because his stockholder's liability upon the indebtedness of March 6, 1911, had expired at the time of suit, and that indebtedness was not included in this action.   Therefore, if the payments received from the bankrupt estate were applied *pro rata* upon the indebtedness created at different times, a larger portion of such payments would apply to the indebtedness for which the appellant is liable, and his liability would be reduced by something over two thousand dollars.   But, in our opinion, the argument of the appellant that, because the payments were credited upon the thirty thousand dollar note the creditor evidenced its intention to apply the payments over all the indebtedness, is far-fetched and without force.   The separate notes securing the different items of the indebtedness were not in the possession of the bank.   It offered to the bankruptcy court the only evidence which it had, and entered credit upon this evidence of indebtedness for the payments made, in the most usual and convenient manner.   The indebtedness was being carried at that time upon the books of the bank as one sum and there was at that time no reason why a special application of the payments should have been made by the bank.   The fact urged by the appellant that the bank did not at that time appreciate that it had any rights against the appellant may be true, but it does not affect the rights of the parties in the present case. . The bank may not at that time have had in contemplation any further recovery upon the debt, and for that reason did not avail itself of its right under our code to make application of the payments as received from the bankruptcy court within a reasonable time. But when it later was informed of its existing rights against the appellant, it was simply in the situation which is contemplated by the Civil Code where no application has been made of payments by either the debtor or the creditor and it falls to the trial court to make the application under said section.   The appellant here was not the debtor.   [1]  He had no right to specify, when the payments were made, how they should be applied.   [2]  The company had such a privilege (Civ. Code, sec. 1479) but did not exercise it. The creditor then had the right to make the application within a reasonable time.   It made no application of the payments to the separate debts, but merely credited the

payments generally. It then became the duty of the court to apply the payments under section 1479 of the Civil Code. The action of the court was in accord with said section and we find no error in the application of these payments.

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1920.

All the Justices concurred, except Lawlor, J., and Olney, J.